### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CSX Transportation, Inc.**<br>500 Water Street<br>Jacksonville, Florida 32202<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Smith Trucking, Inc.**<br>P.O. Box 9<br>Blissfield, Michigan 49228<br><br>**Defendant.** | **CASE NO**: |

### COMPLAINT

Now comes Plaintiff CSX Transportation, Inc. ("CSX"), by and through its undersigned attorneys, and for its Complaint against Defendant Smith Trucking, Inc. states and avers as follows:

### PARTIES

1.     CSX is a corporation incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Jacksonville, Florida. CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

2.     Smith Trucking, Inc. ("Smith Trucking") is a corporation organized under the laws of the State of Michigan with its principal place of business in Blissfield, Michigan, and is domiciled in Michigan.

## JURISDICTION

3.     This case comes within this Court's jurisdiction pursuant to 28 U.S.C § 1332 as Plaintiff and Defendant are citizens of different states and the amount at issue exceeds jurisdictional requirements.

## VENUE

4.     Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PREDICATE FACTS

5.     On April 29, 2020, the Ohio Department of Transportation ("ODOT") issued a special hauling permit, Permit # OH200089596, to Smith Trucking, (the "Permit").

6.     Smith Trucking obtained the Permit in connection with its transportation of an oversized load, a cement silo (the "Silo").

7.     Smith Trucking and/or anyone operating the tractor-trailer at the direction of and/or on behalf of Smith Trucking was required to strictly adhere to the terms and conditions set forth in the Permit.

8.     Under the Permit, Smith Trucking was permitted to transport a load with a maximum height no greater than 13' 6".

9.     On April 30, 2020, a tractor-trailer operated by, at the direction of, and/or on behalf of Smith Trucking was transporting the Silo under the Permit while traveling on Navarre Avenue in Toledo, Ohio.

10.     At all times relevant hereto, the driver of aforementioned tractor-trailer was the employee, workman, servant, agent and/or ostensible agent of Smith Trucking.  Indeed,

2

the aforementioned driver was acting within the course and scope of his/her employment and/or agency and was operating the tractor-trailer under the direction and control of Smith Trucking.

11.    CSX owns and maintains active railroad tracks and bridge structures throughout the United States, including Toledo, Ohio.

12.    There is a CSX railroad bridge structure located on Navarre Avenue in Toledo, Ohio (the "Bridge").

13.    On April 30, 2020, the driver of the tractor-trailer, acting within the course and scope of his employment and/or statutory agency and otherwise at the direction, under the supervision of and/or otherwise on behalf of Smith Trucking, approached the Bridge while transporting the Silo, which was above the maximum height permitted under the Permit.

14.    Despite the foregoing, Smith Trucking and the driver negligently disregarded the terms of the Permit and failed to abide to the Permits requirements, which resulted in the Silo striking the Bridge causing significant damage to the Silo (the "Incident").   In short, the acts and/or omissions of Smith Trucking and/or its employee or agent constitute negligence and negligence per se, causing the Incident.

15.    The Incident described herein and all damages resulting therefrom was no way caused and/or contributed to by any fault, neglect, and/or want of care on behalf of CSX, or the part of anyone whose conduct CSX is responsible; but was solely due to the fault, neglect, and/or want of care on the part of Smith Trucking and its driver and/or their failure to comply with the terms of the Permit.

16.     As a direct and proximate result of the driver and Smith Trucking's negligence and negligence per se, CSX incurred significant damage to its Bridge.

17.     Further, as a direct and proximate result of said negligence and negligence per se, CSX incurred significant costs associated with labor and materials required to repair the damage to the Bridge in an amount well in excess of $75,000.00.

**CAUSES OF ACTION**
**COUNT I**
**NEGLIGENCE – VICARIOUS LIABILITY**

18.     CSX incorporates the above paragraphs as if set forth fully herein.

19.     While navigating the roadway and/or operating under the Permit, Smith Trucking and its driver owed a duty to CSX as a foreseeable plaintiff, to take all reasonable care and precaution in the operation of the tractor-trailer.

20.     The negligence of the aforementioned driver breached this duty owed to CSX through negligent acts or omissions including, but not limited to, the following:

i.      Failing to operate the tractor-trailer with reasonable care;

ii.     Failing to operate the tractor-trailer while adhering to the terms of the Permit;

iii.    Failing to make necessary and reasonable observations while operating a tractor-trailer;

iv.     Failing to make necessary and reasonable observations while transporting an oversized load;

v.      Failing to keep a proper lookout;

vi.     Failing to obey the Permit;

vii.    Failing to safely maintain control of the tractor-trailer;

viii.    Failing to take proper evasive action to avoid the resulting Incident; and,

ix.      Operating the tractor-trailer in a generally careless and reckless manner without due regard for the Permit, the safety and/or property of others;

x.       Improper or negligent driving; and,

xi.      All other acts or omissions which will be shown prior to and at the trial of this matter.

21.     At all times relevant hereto, Smith Trucking was the employer, principal, and/or statutory employer of the aforementioned driver.  Further, at the time of the Incident, the driver was an agent, ostensible agent, servant, workman, and/or employee of Smith Trucking, and was operating the tractor-trailer under the Permit in the course and scope of his agency and employment with Smith Trucking.  As a result, Smith Trucking is vicariously liable for the negligence of the driver.

22.     As a direct and proximate result of Smith Trucking and its driver's breach of these duties, CSX's Bridge sustained damages in an amount in excess of $75,000.00.

## COUNT II
## NEGLIGENCE PER SE – VICARIOUS LIABILITY

23.     CSX incorporates the above paragraphs as is set forth fully herein.

24.     While navigating the roadway and/or operating under the Permit, Smith Trucking and its driver owed a duty to CSX as a foreseeable plaintiff, to follow all applicable traffic and other applicable laws in the operation of the tractor-trailer.  Smith Trucking and its driver's operation of the tractor-trailer breached this duty and constitutes negligence per se.

25.     The driver was negligent per se by reason of having violated the terms of the Permit that were meant to protect CSX and other motorists from the type of incident

that occurred.  The driver was also negligent per se by reason of having violated multiple laws governing the operation of motor vehicles that were meant to protect CSX and other motorists from the type of incident that occurred, including but not limited to, the following:

i.      Ohio Admin. Code 5501:2-1-08. Conditions on permitted movements;

ii.     Ohio Rev. Code Ann. § 4513.34. Special regional heavy hauling permit; special permit; restrictions on applications; fees; prohibitions; voidability;

iii.    Ohio Rev. Code Ann. § 5577.05. Maximum width, height, and length; and,

iv.     All other acts or omissions which will be shown prior to and at the trial of this matter.

26.     At all times relevant hereto, Smith Trucking was the employer, principal, and/or statutory employer of the aforementioned driver.  Further, at the time of the Incident, the driver was an agent, ostensible agent, servant, workman, and/or employee of Smith Trucking, and was operating the tractor-trailer under the Permit in the course and scope of his agency and employment with Smith Trucking.  As a result, Smith Trucking is vicariously liable for the negligence per se of the driver.

27.     As a direct and proximate result of Smith Trucking and its driver's breach of these duties, CSX's Bridge sustained damages in an amount in excess of $75,000.00.

**COUNT III**
**SMITH TRUCKING'S DIRECT NEGLIGENCE**
**(HIRING, ENTRUSTMENT AND/OR SUPERVISION)**

28.     CSX incorporates the above paragraphs as is set forth fully herein.

29.     In addition, at all relevant times, Smith Trucking owed a duty of care to CSX and to others to engage/hire and ensure that the driver and tractor-trailer adhered to the terms of the Permit and were in compliance with all applicable laws.

30.     More specifically. the Incident was caused due to the negligence and negligence per se of the aforementioned driver, as well as due to the negligent hiring/engagement, entrustment and/or supervision of the transportation of the Silo by Smith Trucking.

31.     Smith Trucking had a duty to know that or should have known that the driver was incompetent and lacked the sufficient experience necessary to safely operate a motor vehicle yet failed to do so.  Therefore, Smith Trucking negligently engaged/hired and entrusted the tractor-trailer to the driver.

32.     Smith Trucking also had a duty to know of or should have known of the driver's negligent and reckless tendencies in the operation of a motor vehicle and therefore negligently engaged/hired and entrusted the vehicle to him.

33.     Smith Trucking also had a duty to yet negligently failed to train and otherwise adequately supervise its driver to ensure he/she safely performed his/her assigned tasks.

34.     As a direct and proximate result of Smith Trucking's breach of these direct duties, CSX's Bridge sustained damages in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiff CSX Transportation, Inc. demands that judgment be entered in its favor and against Defendant Smith Trucking, Inc. in an amount in excess of $75,000.00, together with pre-judgment interest, post-judgment interest, and any fees, costs, and other relief this Court deems proper and just.

Respectfully submitted,

**DICAUDO, PITCHFORD & YODER**

  /s/ *Marshal M. Pitchford*
Marshal M. Pitchford, Esq. (0071202)
209 South Main Street
Third Floor
Akron, Ohio 44308
Telephone: 330-762-7477
Facsimile: 330-762-8059
Email: mpitchford@dpylaw.com

**OF COUNSEL:**
**COHEN & MERRICK P.C.**

Eric C. Palombo, Esquire
Matthew J. Tinnelly, Esquire
125 Coulter Avenue, Suite 1000
Ardmore, PA 19003
Phone: (215) 609-1110
Facsimile: (215) 609-1117
Email: Epalombo@freightlaw.net
Email: Mtinnelly@freightlaw.net

*Attorneys for Plaintiff,*
*CSX Transportation, Inc.*